————o————

No. 6780.

**MRS. MARGRET JOHNSON v. HENRY L. COOIL.**
**SYLLABUS.**

The remedy of the proprietor for the failure of the contractor to fulfil his obligation is an action in damages for the losses sustained. R. C. C. 2769.

40

Appeal from the Civil District Court, Parish of Orleans, No. 109,609 Division "E" Hon. GEORGE H. THEARD, Judge. Affirmed.

JOHN BACCICH, JR., for plaintiff and appellant.

ST. JOHN PERRET, for defendant and appellee.

His Honor EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

Defendant contracted to furnish the labor and material and to erect a dwelling for plaintiff and in consideration and payment thereof she agreed to convey to him a certain lot of ground in this City. She deeded the lot to defendant and the latter thereafter proceeded to erect the dwelling.

When this work was nearing completion, plaintiff filed the present suit to rescind the transfer of the lot and to recover it of defendant on two grounds to-wit:—First, that he had procured the deed of the property from her by fraud etc., and secondly, that defendant being in default for having failed to complete the job and for having done the work defectively, there was lack of consideration for the deed.

There was judgment dismissing plaintiff's demand, but "without prejudice to any right she might have in another action against defendant" for his failure to comply with his agreement. Plaintiff now appeals.

The charge that the conveyance of the property was procured through fraud is not brone out by the evidence and consequently could not be sustained even if it had not been practically abandoned in this Court.

Nor can the plaintiff set aside the deed and recover her property on the ground that defendant's work is incomplete or defective. Defendant's undertaking was to erect a building, and if he had neglected or failed to comply fully

41

with the terms of his obligation, plaintiff's remedy is confined to an action in damages for the losses she sustains. R. C. C. 2769.

This remedy was properly reserved to her by the trial Court, and its judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree November 6th,1916.

Rehearing refused December 4th, 1916.